UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LORRAINE STEWART** ) | |
| ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| **JACOB COLLECTION GROUP, LLC** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **&** ) | |
| ) | |
| **JACOB LAW GROUP, PLLC** ) | |
| ) | |
| **Defendants** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Lorraine Stewart, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.    Plaintiff, Lorraine Stewart, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which

prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices as well as Invasion of Privacy by Intrusion Upon Seclusion.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Lorraine Stewart, (hereafter, Plaintiff), is an adult natural person residing at 2824 Lefevere Street, Philadelphia, PA 19137. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Jacob Collection Group, LLC and Jacob Law Group, PLLC (hereafter, Defendants), at all times relevant hereto, are a Limited Liability Corporation and a Professional Legal Liability Corporation working in unison and engaged in the business of collecting debt within but not limited to the Commonwealth of Pennsylvania with a primary location of 2623 West Oxford Loop, Oxford, MS 38655.

6. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about March 19, 2014, Plaintiff contacted Defendants to try and settle an alleged debt said to be owed on a past due Discover account.

8. Defendant's agent, "Kenya", informed the Plaintiff that she had a balance of $507.82 and that she would need to settle the account right away.

9. Plaintiff was offered a settlement amount of $381.00 and informed that was the lowest amount that could be offered.

10. Before agreeing to any payment, the Plaintiff requested that she be sent a settlement offer in writing.

11. Defendant's agent, "Kenya", agreed to send the Plaintiff an e-mail confirming the offer.

12. The confirmation letter provided came from "Jacob Law Group, PLLC" and listed that they were collecting on behalf of as Security Credit Services on account #869373.

13. Plaintiff was to make the payment that same day, March 19, 2014.

14. On that same day, Plaintiff received another settlement notice in the mail this letter came in the name of "Jacob Collection Group, LLC".

15. Both Defendants' share the same primary location and are believed to be one in the same.

16. This second settlement offer, gave the Plaintiff the opportunity to settle this account for the lesser amount of $355.47 if she agreed to pay within fifteen (15) days of the date of the letter.

17. Defendants second notice, although listing the same account number, alleged that the Defendants were collecting on behalf of Osiris.

18. Since the Plaintiff had not agreed to settle for the initial offer, she decided to accept the lesser offer which was to be paid on or before March 28, 2014.

19. On or about March 24, 2014, Plaintiff contacted "Kenya", to make payment of $355.47 as she had been offered.

20. Defendant's agent, "Kenya", stated that this was not possible because the Defendant had already sent her an email for the other settlement amount.

21. Plaintiff was told that the lowest amount that could be accepted now was $381.00 no matter what the additional offer was for.

22. "Kenya" then stated that since the Plaintiff did not make the payment on the 19th as her email had stated that all settlement offers were now off the table and the full balance of $507.82 would have to be paid immediately.

23. The collection practices of Defendants, Jacob Collection Group and Jacob Law Group, whether intentional or not were misleading and confusing to the Plaintiff.

24. Defendants use of different letter head, and varying names of whom they were colleting on behalf of as well as offering two (2) different settlements with two (2) different due dates was unfair and unconscionable collection practice.

25. As of the filing of this complaint, the Plaintiff continues to receive calls to her home phone number.

26. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

28. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

30. As a result of Defendants conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

31. As a result of Defendants conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## COUNT I – FDCPA

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was allegedly incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

  §§ 1692d:  Any conduct the natural consequence is to harass, oppress, or abuse any person

| | | |
|---|---|---|
| §§ 1692d(5): | | Caused the phone to ring or engaged any person in telephone conversation repeatedly |
| §§ 1692e(2): | | False or misleading representation of the character, amount, or legal status of the alleged debt |
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

35. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

36. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania

Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendants are debt collectors pursuant to 73 Pa. C.S. § 2270.3.

37. The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

38. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

39. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

40. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

41. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

42. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

43.     The foregoing paragraphs are incorporated herein by reference.

44.     Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

45.     The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

46.     The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a.     Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    b.     Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

47.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

48.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

    a.     An Order declaring that Defendants violated the UTPCPL;

    b.     Actual damages;

    c.      Treble damages;

    d.      An award of reasonable attorney's fees and expenses and cost of suit; and

    e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

51. Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

52. The Defendants intentionally intruded upon the Plaintiff's rights to privacy by continually harassing the Plaintiff with numerous calls.

53. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

54. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

55. All acts of the Defendants were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

 a. Actual damages

 b. Statutory damages

 c. An award of reasonable attorney's fees and expenses and cost of suit; and

 d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

      **Respectfully submitted,**

      **VULLINGS LAW GROUP, LLC**

**Date: March 28, 2014**

      **BY: /s/ Brent F. Vullings bfv8435**
      Brent F. Vullings, Esquire
      3953 Ridge Pike
      Suite 102
      Collegeville, PA 19426
      P: 610-489-6060
      F:610-489-1997
      Attorney for Plaintiff